```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                          AT BECKLEY
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL NO. 5:11-00038

**HUGHIE ELBERT STOVER**

```
         RESPONSE OF THE UNITED STATES OF AMERICA
       TO DEFENDANT'S STANDARD DISCOVERY REQUESTS, AND
       REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY
```

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 16.1(a) of the Local Rules of Criminal Procedure, and the Arraignment Order and Standard Discovery Request entered by the Court in this case on March 15, 2011, the United States of America, by counsel, herewith responds to each of defendant's Standard Discovery Requests as follows:

**Request A: Disclose to defendant the substance of any relevant oral statement made by defendant, whether before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial. [Fed. R. Crim. P. 16(a)(1)(A)]**

**Response**:

The United States is not aware of any such evidence other than that included in Disc Number 1.

**Request B: Disclose to defendant and make available for inspection, copying or photographing, all of the following:**

**(i)** Any relevant written or recorded statement by the defendant if the statement is within the government's possession, custody, or control; and the attorney for the government knows--or through due diligence could know--that the statement exists. [Fed. R. Crim. P. 16(a)(1)(B)(i)]

**Response:**

The United States is not aware of any such evidence other than that included in Disc Number 1.

**(ii)** The portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent. [Fed. R. Crim. P. 16(a)(1)(B)(ii)]

**Response:** The United States is not aware of any such evidence other than that included in Disc Number 1.

**(iii)** The defendant's recorded testimony before a grand jury relating to the charged offense. [Fed. R. Crim. P. 16(a)(1)(B)(iii)]

**Response:** The defendant did not testify before the grand jury.

**Request C:** Where the defendant is an organization, e.g., a corporation, partnership, association or labor union, disclose to the defendant any statement described in Fed. R. Crim. P. 16(a)(1)(A) and (B), if the government contends that the person making the statement (i) was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent; or (ii) was personally involved in the alleged conduct constituting the offense and was legally capable to bind the defendant regarding that conduct because of that person's position as the defendant's director, officer, employee, or agent. [Fed. R. Crim. P. 16(a)(1)(C)]

**Response:** Not Applicable.

**Request D:**  Furnish the defendant with a copy of defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows--or through due diligence could know--that the record exists.  [Fed. R. Crim. P. 16(a)(1)(D)]

**Response:**   The defendant's criminal history is included on Disc 1.

**Request E:**  Permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions of any of those items, if the item is within the government's possession, custody or control, and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to defendant.  [Fed. R. Crim. P. 16(a)(1)(E)]

**Response:**

Documents and photographs included on Disc 1 are relevant to this request.  The United States has enclosed a letter herein providing greater detail regarding these documents.

Scanned copies of the documents seized from the trash compactor have been included on discs 2-5.  A copy of a DVD containing surveillance from January 2011 is included on Disc 6.

The United States does not intend to use the following evidence at trial at this time but it is available for inspection: multiple dvds that were retrieved from the trash compactor; the defendant's laptop; and documents taken from the defendant's office.  The United States hereby invites defense counsel to set up a mutually convenient time to inspect such evidence.

3

**Request F: Permit the defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific tests or experiment if (i) the item is within the government's possession, custody, or control; (ii) the attorney for the government knows--or through due diligence could know--that the item exists; and (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial. [Fed. R. Crim. P. 16(a)(1)(F)]**

**Response:** The United States is not aware of any such evidence other than that included herein.

**Request G: Give to the defendant a written summary of any testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under Federal Rules of Criminal Procedure 16(b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. [Fed. R. Crim. P. 16(a)(1)(G)]**

**Response:** None at this time.

**Request H: Disclose to defendant all evidence favorable to defendant, including impeachment evidence, and allow defendant to inspect, copy or photograph such evidence.**

**Response:** The United States is unaware of any such evidence other than that described in a letter enclosed herein and any other evidence that has been provided herein.

**Request I: Notify defendant of all evidence the government intends to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence.**

4

**Response**: The United States intends to introduce the prior statement of the defendant to an FBI agent and an MSHA agent on November 3, 2010 date. The United States may also introduce testimony that the directives given by the defendant at Performance Coal were also given by the defendant at other mines over which he was security chief. The United States does not believe this evidence is 404(b) evidence, but provides notice in the case the Court deems that it is 404(b) evidence.

**Request J: Disclose to defendant all reports of government "mail cover," insofar as the same affects the government's case against the defendant or any alleged aiders and abettors or co-conspirators.**

**Response**: None.

**Request K: Disclose to defendant any matter as to which the government will seek judicial notice.**

**Response**: The United States will seek judicial notice that the Montcoal, Raleigh County, West Virginia is located in the Southern District of West Virginia.

The United States also will also seek judicial notice that the Mine Safety and Health Administration was an agency of the Department of Labor and that it was a department of the executive branch of the Government of the United States. The United States will also seek judicial notice that the Federal Bureau of Investigation is an agency of the Department of Justice which is a department of the executive branch of the United States.

**Request L: Disclose to defendant and make available for inspection, copying or photographing, the results of any interception of a wire, oral or electronic communication in the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence could become known, to the attorney for the government, which contains any relevant statement made by the defendant or which is material to the preparation of the defendant's defense or which is intended for use by the government as evidence in its case-in-chief at the trial. For each such interception, disclose (1) any application for an order authorizing the interception of a wire or oral communication; (2) any affidavits filed in support thereof; and (3) any court order authorizing such interception.**

**Response:** None

**Request M: Provide notice to defendant of the government's intention to use evidence pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure.**

**Response:** The United States reserves the right to use all information and evidence disclosed herein or made available for inspection and copying pursuant to this Response and such information and evidence which may be discovered and finally provided to defendant.

Any discovery provided that is not mandated by Court order, the Federal Rules of Criminal Procedure, federal statute or federal case law, is provided voluntarily as a matter of discretion solely to expedite and facilitate litigation of this case.

6

**REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY**

Pursuant to Rules 16.1(b) and 16.1(d) of the Local Rules of Criminal Procedure, the United States of America requests that defendant provide all applicable reciprocal discovery within 14 days of the service of this response and the provision of materials requested by defendant in the Standard Discovery Request.

Respectfully submitted,

R. BOOTH GOODWIN II
United States Attorney


s/Blaire L. Malkin
Blaire L. Malkin
WV Bar Number: 10671
Assistant United States Attorney
United States Attorney's Office
300 Virginia Street, E., Suite 4000
Charleston, West Virginia 25301
Telephone: (304) 345-2200
Fax: (304) 347-5104
Email: blaire.malkin@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing "RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANT'S STANDARD DISCOVERY REQUESTS, AND REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY," has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on this 28th day of March, 2011, to:

>William David Wilmoth, Esquire
>Steptoe & Johnson PLLC
>1233 Main Street, Suite 3000
>wheeling, WV  26003-0751

>s/Blaire L. Malkin
>Blaire L. Malkin
>WV Bar Number: 10671
>Assistant United States Attorney
>United States Attorney's Office
>300 Virginia Street, E., Suite 4000
>Charleston, West Virginia 25301
>Telephone: (304) 345-2200
>Fax: (304) 347-5104
>Email: blaire.malkin@usdoj.gov