IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

**UNITED STATES OF AMERICA**

**v.**                                    CRIMINAL NO. 5:11-00038

**HUGHIE ELBERT STOVER**

### UNITED STATES MOTION IN LIMINE
### TO EXCLUDE EVIDENCE OF STANTON SURVEY RESULTS

Comes now the United States of America by Blaire L. Malkin, Assistant United States Attorney for the Southern District of West Virginia, and files this Motion in Limine to Exclude Evidence of Stanton Survey Results.

The United States expects to call Charles Lilly and Tommy Wingo as witnesses in the trial of this case. Both Lilly and Wingo work as security officers at Performance Coal Company's Upper Big Branch Mine (UBB). As part of their interview process for employment at UBB, Lilly and Wingo filled out an assessment known as the Stanton Survey. This survey was completed by Lilly and Wingo over ten years ago. The Stanton Survey purports to measure employee integrity by analyzing the results of the multiple choice survey.

Defendant Stover may attempt to use certain results from the Stanton Survey to impeach the credibility of these witnesses. However, defendant should not be allowed to mention that the test was taken, nor should he be allowed to refer in anyway to the results of the assessment.

This test, similar to polygraph examinations, is meant to measure the honesty and integrity of the respondent. The results, like the results of polygraph examinations, should be inadmissible. The Fourth Circuit has a longstanding *per se* rule against the admission of polygraph evidence. See United States v. Prince-Oyibo, 320 F.3d 494, 501 (4th Cir.), cert. denied, 540 U.S. 1090 (2003).

The prohibition against polygraph evidence includes evidence that a witness has taken or agreed to take a polygraph examination, or the results of the examination. See, e.g., United States v. Ruhe, 191 F.3d 376, 387-88 (4th Cir. 1999); United States v. Sanchez, 118 F.3d 192, 197 (4th Cir. 1997)("The rule in this circuit is that polygraph evidence is never admissible to impeach the credibility of a witness."); United States v. A&S Council Oil Co., 947 F.2d 1128, 1133-34 (4th Cir. 1991) (the Court's precedents preclude direct attacks on the credibility of a witness through evidence that he has taken a polygraph test); United States v. Porter, 821 F.2d 968, 974 (4th Cir. 1987)(holding that it is impermissible even to mention that a witness has taken a polygraph test), cert. denied, 485 U.S. 934 (1988).

Polygraph examination results have been held to be inadmissible because they fail the reliability test. See United States v. Scheffer, 523 U.S. 303, 309 (1998) (commenting that "there is simply no consensus that polygraph evidence is reliable.") The Stanton Survey is similarly unreliable, particularly in this instance where it was administered over ten years ago, it was administered outside the government's presence, and there was no way to observe the way in which the test was conducted. There is no way to tell who analyzed the test and provided the results.

In addition, the results provided merely speculate about the likelihood of an individual's future actions and do not demonstrate any actions actually taken by the individual who was tested. This type of speculation is inadmissible not only as unreliable, but as irrelevant.

Wherefore, the United States moves this Court for an Order In Limine prohibiting cross-examination of these witnesses regarding the Stanton Survey.

If the Court grants this motion in limine or if it reserves ruling on this motion until trial, the United States requests the Court to prohibit defense counsel from mentioning witnesses' survey results during any part of the trial, prior to ruling, including during opening statements.

Respectfully submitted

R. BOOTH GOODWIN II
United States Attorney

s/Blaire L. Malkin
Blaire L. Malkin
WV Bar Number: 10671
Assistant United States Attorney
United States Attorney's Office
300 Virginia Street, E., Suite 4000
Charleston, West Virginia 25301
Telephone: (304) 345-2200
Fax: (304) 347-5104
Email: blaire.malkin@usdoj.gov

4

CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing "UNITED STATES MOTION IN LIMINE TO EXCLUDE EVIDENCE OF STANTON SURVEY RESULTS," has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on this 21st day of June, 2011, to:

>William David Wilmoth, Esquire
>Steptoe & Johnson PLLC
>1233 Main Street, Suite 3000
>Wheeling, WV  26003-0751

>s/Blaire L. Malkin
>Blaire L. Malkin
>WV Bar Number: 10671
>Assistant United States Attorney
>United States Attorney's Office
>300 Virginia Street, E., Suite 4000
>Charleston, West Virginia 25301
>Telephone: (304) 345-2200
>Fax: (304) 347-5104
>Email: blaire.malkin@usdoj.gov