IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY


UNITED STATES OF AMERICA


v.                                  CRIMINAL NO. 5:11-00038


HUGHIE ELBERT STOVER


## UNITED STATES MOTION IN LIMINE REGARDING PRIOR CONVICTIONS AND BAD ACTS OF WITNESSES

Comes now, the United States of America, by Blaire L. Malkin, Assistant United States Attorney for the Southern District of West Virginia, and moves this Court _in limine_ for an order prohibiting the defendants from cross-examining witnesses regarding certain prior convictions and prior bad acts.  In support of this motion the United States states as follows:

The United States will call Kevin White, a supervisor of the contract guards who worked at Performance Coal, to testify at trial.

The United States is aware that over ten years ago Mr. White was charged with domestic battery.  That charge was dismissed.  The United States is also aware that over fifteen years ago Mr. White was convicted of misdemeanor shoplifting.

The United States anticipates that defendant will seek to cross-examine this witness regarding his prior conviction and prior domestic battery charge.

Such cross-examination would be improper.  Questions regarding these topics would be permissible, if at all, solely to attack the credibility of the witness.  <u>See</u> Fed. R. Evid. 611(b); <u>United States v. McMillon</u>, 14 F.3d 948, 956 (4th Cir. 1994)(Rule 611(b) limits cross-examination to the subject matter of direct examination and matters affecting credibility).

Rule 609 allows for impeachment of a witness based on a prior conviction under certain circumstances, but only for those convictions punishable by excess of a year in prison, or a crime that involved dishonesty or false statement. Fed. R. Evid. 609(a). In addition, Rule 609(b) bars the admission of convictions where more than ten years have elapsed since the date of conviction or the release of the witness from imprisonment for that conviction, "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances <u>substantially</u> outweighs its prejudicial effect." Fed. R. Evid. 609(b)(emphasis added).  Moreover, evidence of such a conviction is not admissible unless the proponent provides the adverse party sufficient written notice of intent to use such evidence to provide the adverse party the chance to contest its use. <u>Id.</u>  Under this Rule, the witness's prior conviction is

presumptively inadmissible.  It is more than ten years old, and punishable by less than a year in prison.

The Report of the Senate Committee on the Judiciary states that "it is intended that convictions over ten years old will be admitted <u>very rarely and only in exceptional circumstances</u>."  Fed R. Evid. 609 advisory committee's note (emphasis added).  This view is supported by the Fourth Circuit.  See <u>United States v. Beahm</u>, 664 F.2d 414, 417-18 (4th Cir. 1981) ("Our decision in <u>United States v. Cavender</u>, is in point and controlling on the subject.  <u>Cavender</u> holds that Rule 609(b) 'made it crystalline that the District Court was only to depart from the prohibition against the use for impeachment purposes of convictions more than ten years old very rarely and only in exceptional circumstances.'").

The party who wishes to use the prior conviction bears the burden of establishing specific, or articulated, facts and circumstances that support the probative value of the conviction such that it substantially outweighs its prejudicial impact. <u>Beahm</u>, 664 F.2d at 418.

The witness's credibility may not be attacked with questions about his involvement in shoplifting.  Shoplifting generally is not a crime of dishonesty.  See <u>United States v. Dunson</u>, 142 F.3d 1213, 1215 (10th Cir. 1998) (affirming the district court's analysis that a straight theft offense does not involve the type of dishonesty contemplated by Fed. R. Evid. 609(a)(2)); <u>United States v. Amaechi</u>,

991 F.2d 374, 379 (7th Cir.1993) ("[S]hoplifting does not in and of itself qualify as a crime of dishonesty under Rule 609."); United States v. Sellers, 906 F.2d 597, 603 (11th Cir.1990) ("[C]rimes such as theft, robbery, or shoplifting do not involve 'dishonesty or false statement' within the meaning of Rule 609(a)(2)."); McHenry v. Chadwick, 896 F.2d 184, 188 (6th Cir.1990); United States v. Ortega, 561 F.2d 803, 806 (9th Cir.1977) ("An absence of respect for the property of others is an undesirable character trait, but it is not an indicium of a propensity toward testimonial dishonesty.").

The witness's prior charge of domestic battery is also inadmissible because he was not convicted of the crime. See Fed. R. Evid. 609(a). In addition, questioning regarding this charge is not permissible under 608(b) because it is not probative of witness's truthfulness or untruthfulness. See United States v. Leake, 642 F.2d 715, 718 (4th Cir.1981) (stating that Rule 608(b) expressly permits inquiry into instances of misconduct that are clearly probative of truthfulness or untruthfulness, such as perjury, fraud, swindling, forgery, bribery, and embezzlement).

Wherefore, the United States moves this Court for an Order In Limine prohibiting cross-examination of this witness regarding his prior misdemeanor conviction and prior charge of domestic battery. If the Court grants this motion in limine or if it reserves ruling on this motion until trial, the United States requests the Court to

4

prohibit defense counsel from mentioning witnesses' prior convictions or prior drug activity during any part of the trial, prior to ruling, including during opening statements.

Respectfully submitted,

R. BOOTH GOODWIN II
United States Attorney

s/Blaire L. Malkin
Blaire L. Malkin
WV Bar Number: 10671
Assistant United States Attorney
United States Attorney's Office
300 Virginia Street, E., Suite 4000
Charleston, West Virginia 25301
Telephone: (304) 345-2200
Fax: (304) 347-5104
Email: blaire.malkin@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

It is hereby certified that service of the foregoing "UNITED STATES MOTION IN LIMINE REGARDING PRIOR CONVICTIONS AND BAD ACTS OF WITNESSES," has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on this 21st day of June, 2011, to:

William David Wilmoth, Esquire
Steptoe & Johnson PLLC
1233 Main Street, Suite 3000
Wheeling, WV  26003-0751

s/Blaire L. Malkin
Blaire L. Malkin
WV Bar Number: 10671
Assistant United States Attorney
United States Attorney's Office
300 Virginia Street, E., Suite 4000
Charleston, West Virginia 25301
Telephone: (304) 345-2200
Fax: (304) 347-5104
Email: blaire.malkin@usdoj.gov

6