UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                       CRIMINAL NO. 5:11-cr-00038
                                                          Judge Berger

HUGHIE ELBERT STOVER,

      Defendant.

### DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE, TESTIMONY, OR REFERENCE TO THE APRIL 5, 2010 TRAGEDY AT THE UPPER BIG BRANCH MINE

      Comes now the Defendant, by counsel, and moves the Court for an order *in limine* excluding any evidence, testimony, or reference by counsel in this matter to the tragic April 5, 2010 incident which killed 29 miners at the Upper Big Branch Mine. Upon information and belief, prosecutors in this matter intend to present evidence regarding the mine explosion during the trial of this matter. The defendant's belief is bolstered by the fact that the prosecutors have already referenced the tragedy in their draft of the superseding indictment. (Sup. Indict. ¶ 10)

      There is a deep disconnect between what this case is about and what the Government would like it to be about. Hughie Elbert Stover is accused of lying and failing to preserve evidence in an investigation occurring <u>after</u> the April 5, 2010 incident that claimed the lives of 29 coal miners. This case is about whether the Government can prove beyond a reasonable doubt each element of the crimes that Stover is accused of committing.

      Stover is not accused of killing the 29 miners who lost their lives at Upper Big Branch. Stover is similarly not charged with any conduct that took place before April 5, 2010.

5788651.1

Accordingly, any evidence or reference to the deaths of miners at Upper Big Branch is unrelated and therefore irrelevant to the criminal charges against Stover.

Any evidence referring to the mine incident or the resulting loss of life would be unfairly prejudicial and has no relevance to the charges in the indictment against Mr. Stover. The superseding indictment against Mr. Stover charges him with two counts of violating 18 U.S.C. § 1001 for giving false statements to federal investigators and one count of concealing documents in violation of 18 U.S.C. § 1519 and 18 U.S.C. § 2(b).  Because the April 5, 2010 incident at the Upper Big Branch Mine is not relevant to any of the alleged statutory violations, discussion of the incident has no probative value in determining if Mr. Stover committed the crimes he is accused of.

A.      Evidence of the UBB Incident is Not Relevant in this Case

The Federal Rules of Evidence are clear that only relevant evidence may be presented at trial.  FED. R. EVID. 402.  Relevant evidence is defined as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  FED. R. EVID. *401*, *see also  Young v. State Farm Mut. Auto Ins. Co.*, 169 F.R.D. 72, 77 (S.D. W. Va. 1996).

Mr. Stover is charged with violating 18 U.S.C. § 1001(a) which provides:

> whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully--
>   (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
>   (2) makes any materially false, fictitious, or fraudulent statement or representation; or
>   (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;
> shall be fined under this title, imprisoned not more than 5 years . . .

The superseding indictment charges that on November 30, 2010, Stover violated this section by stating to government officials investigating the April 5, 2010 incident that Massey Energy, Stover's employer, had a policy that forbade personnel, including security guards, from providing any advance warning that government inspectors had arrived at a mine site, when in fact no such policy existed. (Sup. Indict. ¶ 13-14)

To prove a violation of the statute, the Government must prove that Stover's statement was "materially false, fictitious or fraudulent", that Stover made the statement knowingly and willing, and that it was "in a matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States."

No fact surrounding the April 5, 2010 incident at Upper Big Branch makes it any more or less likely that Stover's statement about the notification policy at Performance Coal was true or false. No fact surrounding the incident makes it more or less likely that Stover made a false statement "knowingly and willfully." It is conceded that Stover made the statement.

Similarly, there is no relationship between the April 5, 2010 incident and the other criminal count Stover is alleged to have violated. 18 U.S.C. § 1519 provides :

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

The government is required to prove that Stover knowingly destroyed records or documents with the intent to impede, obstruct, or influence a federal investigation. Again, there is no question that an investigation was undertaken by an agency of the federal government. The circumstances of the April 5, 2010 incident, however, can do nothing to show whether Stover

caused the destruction of anything nine months after the accident, whether he acted knowingly, and whether he acted with intent to impede, obstruct, or influence the investigation.

Given that the deaths of the 29 miners at Upper Big Branch are wholly unrelated to the statutes that Stover is accused of violating, it is clear that presenting evidence about the April 5, 2010 would serve only to prejudice the jury. The court should not permit the Government to obtain a conviction against Mr. Stover based on evidence wholly unrelated to the charges against him. Instead, irrelevant testimony, evidence, and references to the April 5, 2010 tragedy at the Upper Big Branch mine should be excluded under Rules 401 and 402.

**B.     Evidence concerning the April 5, 2010 Incident, even if relevant, should be excluded under the Rule 403 Balancing Test**

Courts have discretion to exclude even relevant evidence when it "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues , or misleading the jury . . . [.]" FED. R. EVID.403; *United States v. Gibson*, 84 F. Supp. 2d 784, 789-90 (S. D. W. Va. 2000). As a leading treatise has recognized, Rule 403 exists to ensure a fair trial based on the elements of the cause of action and not unrelated appeals to the passions and prejudices of jurors. 75A Am.Jur.2d *Trial* § 545 (footnote omitted). Accordingly,

> [a]rgument is improper when it is designed to appeal to prejudice, contempt, hatred, or resentment toward the opposing party, or to arouse sympathy for a party to the extent that a verdict is secured upon considerations outside the record, thereby drawing the minds of the jury away from the matter in dispute and subjecting them to influences entirely foreign to the case. Although the fullest freedom of speech can be accorded in argument, it is license, not freedom of speech, for counsel to base his or her argument on appeals to prejudices irrelevant to the case and outside the proof.

*Id.* (footnotes omitted)

Applying the Rule 403 balancing test to the facts of this case, evidence regarding the April 5, 2010 incident at the Upper Big Branch mine must be excluded. First, as discussed above, the incident has no probative value with regard to the crimes the Government has charged in the Superseding Indictment. No information or detail regarding the incident or the deaths of the 29 miners makes it any more or less likely that Stover knowingly lied, or knowingly destroyed documents with intent to hinder the investigation *after* the April 5, 2010 incident took place.

On the other side of the scale, the danger of unfair prejudice is extremely high. The incident at Upper Big Branch, the attempted rescue of trapped miners, memorial services, and the investigation itself have all garnered tremendous media attention. Much attention has centered on who is to blame for the tragic loss of life. And the Government is not above vitriol and hyperbole in its public comments about this case. (*See generally* the Exhibits to Defendant's Motion to Allow Use of Juror Questionnaire, filed with and on the same day as this Motion) Allowing jurors to consider testimony, evidence, and references to the April 5, 2010 incident is an invitation for jurors to blame Mr. Stover, the first and only person charged in this investigation lo these 14 months after the disaster, for the loss of life at the mine, rather than the crimes he is accused of committing. If jurors are allowed to hear evidence of the mine disaster, their very human response may be to punish anyone associated with Performance Coal, even if the evidence does not support a finding that Stover is guilty beyond a reasonable doubt on the charges against him.

Stover is not charged with the death of any of the 29 miners at the Upper Big Branch mine. Stover is not charged with any type of negligent or intentional act related to the cause of the April 5, 2010 incident. Accordingly, evidence of the incident cannot be probative of whether

Stover is guilty of what amounts to intentionally lying or willfully destroying evidence with intent to impact the investigation.

Because the potential for unfair prejudice far outweighs any probative value that evidence of the April 5, 2010 incident has in this case, such evidence must be excluded from the trial of this matter.

Wherefore, the defendant Hughie Elbert Stover respectfully requests that the Court grant his motion and enter an order in limine excluding evidence regarding the April 5, 2010 incident that claimed that lives of 29 miners at the Upper Big Branch mine.

**HUGHIE ELBERT STOVER,**
By Counsel

*/s/ William J. O'Brien*
William D. Wilmoth, Esq. (W. Va. Bar. No. 4075)
William J. O'Brien, Esq. (W. Va. Bar No. 10549)
Robert L. Bailey, Esq. (W. Va. Bar No. 8902)
1233 Main Street Suite 3000
P. O. Box 751
Wheeling, WV 26003-0751
Telephone:	(304) 233-0000
Facsimile:	(304) 233-0014
*Counsel for Defendant*

**STEPTOE & JOHNSON PLLC**
*Of Counsel*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.                                          **CRIMINAL NO. 5:11-cr-00038**
                                                                    **Judge Berger**

**HUGHIE ELBERT STOVER,**

      Defendant.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of June 2011, I have electronically filed "*Defendant's Motion in Limine to Exclude Evidence, Testimony, or Reference to the April 5, 2010 Tragedy at the Upper Big Branch Mine*" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

> Hon. R. Booth Goodwin, II
> Blaire L. Malkin, Esq.
> Steven R. Ruby, Esq.
> United States Attorney's Office
> Southern District of West Virginia
> 300 Virginia Street, East, Room 4000
> Charleston, West Virginia  25301

                                                                      */s/ William J. O'Brien*