IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 5:11-00038

HUGHIE ELBERT STOVER

RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION IN
LIMINE TO EXCLUDE EVIDENCE, TESTIMONY, OR REFERENCE
TO THE APRIL 5, 2010 TRAGEDY AT THE UPPER BIG BRANCH MINE

Comes now the United States of America by Blaire L. Malkin,
Assistant United States Attorney for the Southern District of
West Virginia, and hereby responds to defendant's Motion in
Limine to Exclude Evidence, Testimony, or Reference to the April
5, 2010 Tragedy at the Upper Big Branch Mine [Docket 32].

Defendant's motion rests on two separate contentions.
First, he claims the explosion has nothing to do with the
charges against him, making it irrelevant under Federal Rule of
Evidence 401.  Defendant then argues that even if the explosion
were relevant, it fails the balancing test of Federal Rule of
Evidence 403.  Both those contentions are wrong.

Discussion of the explosion is more than just relevant and
more than just probative.  Rather, it is necessary to the case
for at least four reasons.  First, it is required to prove the

elements of the charged offense. <u>Second</u>, it is necessary to explain defendant's motive to lie to federal authorities or dispose of important documents. <u>Third</u>, key evidence against defendant refers to the explosion and cannot be introduced without mentioning it. <u>Fourth</u>, the explosion provides context necessary for the jury to understand the basic narrative underlying this case. Controlling authority establishes that evidence of the explosion should be admitted in these circumstances. Defendant's motion, by contrast, notably lacks any authority supporting exclusion on the facts here.

Because the fact of the explosion cannot feasibly be excluded from this trial, the real question is how to avoid any unfair prejudice. A simple, two-pronged approach will suffice. First, the Court should use its power to supervise the trial to assure that no improper references to the explosion are made. The United States has no intention of sensationalizing the explosion or using it for emotional appeal, so no such intervention should be needed. Second, the Court should issue a limiting instruction to the jury. That instruction's precise language can be worked out in due course, but in a nutshell, it should state that defendant is not charged with causing the explosion and that evidence of the explosion should be

2

considered only as it pertains to the elements of the charged offenses.

### FACTUAL BACKGROUND

On April 5, 2010, a major explosion occurred at Massey Energy Company's UBB mine in Montcoal, West Virginia. The explosion resulted in nearly thirty fatalities and thus prompted the federal Mine Safety and Health Administration (MSHA) to mount a large, intensive investigation into the explosion's cause (the "MSHA investigation"). In large part because of the substantial loss of life, the United States, through the United States Attorney's Office for the Southern District of West Virginia and the Federal Bureau of Investigation (FBI), also initiated an investigation into possible criminal conduct surrounding the explosion (the "criminal investigation").

Defendant was chief of security at UBB, among other Massey operations. After the explosion, he was interviewed by officials in both the MSHA investigation and the criminal investigation. Investigators asked defendant about a policy and practice under which security guards at UBB announced the presence of MSHA inspectors at the mine. In response, defendant made false statements to federal officials denying the existence of that policy and practice. Also after the explosion, defendant ordered the disposal of thousands of pages of

3

documents that contained evidence material to both investigations. A federal grand jury in this District subsequently charged defendant with two counts of false statements in violation of 18 U.S.C. § 1001 and one count of obstruction of justice in violation of 18 U.S.C. § 1519.

## LEGAL STANDARDS

Evidence is relevant, and thus admissible, if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401, 402. Relevant evidence may be excluded, however, if its probative value is substantially outweighed by the danger of unfair prejudice, Fed. R. Evid. 403. Exclusion under Rule 403, however, is an extraordinary remedy, to be used sparingly. United States v. Aramony, 88 F.3d 1369, 1378 (4th Cir. 1996). The balance under Rule 403 should be struck in favor of admissibility. Aramony, 88 F.3d at 1378. The objecting party bears the burden of meeting Rule 403's high threshold for exclusion. See Michael H. Graham, Handbook of Federal Evidence § 403:1 (Westlaw 2011).

Rule 403 concerns only unfair prejudice. Since all effective evidence is prejudicial in the sense of being damaging to the party against whom it is offered, the mere fact that prosecution evidence damages a defendant's case has no

significance.   United States v. Mohr, 318 F.3d 613, 619 (4th
Cir. 2003) ("'*[U]nfair* prejudice under Rule 403 does not mean
the damage to a defendant's case that results from the
legitimate probative force of the evidence.' . . . Indeed, our
adversarial system depends on opposing parties offering evidence
that will strengthen their respective positions and damage that
of their opponents." (quoting 2 Jack B. Weinstein & Margaret A.
Berger, Weinstein's Federal Evidence, § 404.21[3][b] (Joseph M.
McLaughlin, ed., 2d ed. 2002)).  Rather, "unfair prejudice" in
Rule 403 refers only an undue tendency to suggest decision on an
improper basis.   Mohr, 318 U.S. at 619; Fed. R. Evid. 403,
Advisory Committee Notes.

Even if a danger of unfair prejudice exists, exclusion of
evidence is rarely appropriate.  Rather, the Fourth Circuit has
observed that a cautionary or limiting instruction from the
Court generally will obviate any danger.   United States v.
Aramony, 88 F.3d 1369, 1378 (4th Cir. 1996).

**ANALYSIS**

Defendant's motion depends on a badly mistaken premise:
that evidence of the UBB explosion has nothing to do with the
charges against him and can be hidden from the jury without
affecting the case.  On the contrary, in a trial for obstruction
and false statements in an investigation, the nature of the

investigation is central.   Here, that investigation revolves around the explosion at UBB.   Any risk of prejudice falls well within the bounds accepted by courts in similar situations, especially in light of the Court's ability to monitor references to the explosion and to issue a limiting instruction.

**I.    Evidence of the Explosion Is Highly Probative.**

Evidence of the explosion is highly probative—indeed, necessary—for at least four reasons:   to establish the elements of the charged crimes, to prove defendant's motive, to present key evidence, and to provide the narrative of events underlying the case.

**A. Evidence of the Explosion is Necessary to Establish Elements of the Offense.**

Controlling Fourth Circuit precedent holds that when evidence directly establishes an element of an offense, there is "no question" that it is admissible under Rule 403.   United States v. Grimmond, 137 F.3d 823, 833 (4th Cir. 1998) (admitting evidence that defendant Grimmond shot two men in order to prove that he possessed a firearm, where firearm possession was element of offense).   That rule applies here, since evidence of the UBB explosion is necessary to establish several elements of the charged offenses, as explained below.

## 1. Intent to Obstruct an Investigation

Defendant stands charged with obstructing justice in violation of 18 U.S.C. § 1519.  An element of this offense is the intent to impede, obstruct, or influence an investigation.

To meet that element, the United States first must establish the existence of a relevant investigation.  There are at least two such investigations:  the MSHA investigation of the UBB explosion and the federal investigation of possible criminal violations at UBB.  Both investigations resulted from and centered on the UBB explosion, and neither can be put into evidence without reference to the explosion and its significance.

After establishing the existence of an investigation, the United States must prove that defendant intended to obstruct it. Although the United States need not reveal its trial strategy in this response, several likely means of proving defendant's intent are obvious.  One way to show intent to obstruct is to show that the investigations in fact were obstructed.  That in turn requires proof of the investigations' purpose, which is to get to the bottom of the circumstances surrounding the explosion.  It also requires proof of the investigations' details and methods, to demonstrate exactly how defendant's conduct impeded the federal agencies' work.  A second obvious

7

way to prove defendant's intent is to show that as a result of the explosion, he was put on notice of the existence of the ensuing investigations and the need to preserve documents. Still another way to demonstrate intent is to show that defendant's obstructive conduct coincided with significant events in the explosion investigations. These examples, though not exhaustive, plainly illustrate why the intent element requires references to the explosion.

### 2. Materiality of Defendant's False Statements

Defendant is also charged with two counts of making material false statements in violation of 18 U.S.C. § 1001. To prove the materiality element of these counts, the United States must show that defendant's statements had a tendency to influence the respective investigations. <u>United States v. Norris</u>, 749 F.2d 1116, 1122 (4th Cir. 1984). It is impossible to prove that a statement tended to influence an investigation without evidence of that investigation's purpose and details.

### 3. Jurisdictional Elements

Both the statutes under which defendant is charged contain a jurisdictional element. The false statement counts require proof that the statements were made in a "matter with the jurisdiction of the executive . . . branch of the Government of the United States." 18 U.S.C. § 1001. The obstruction count

requires proof of an investigation of a "matter within the jurisdiction of any department or agency of the United States." 18 U.S.C. § 1519.

The matters that satisfy those jurisdictional elements are the investigations of events (and possible crimes) surrounding the UBB explosion.

**B. Evidence of the Explosion is Necessary to Prove Motive.**

Evidence of the explosion also establishes defendant's motive to lie to federal authorities and dispose of important documents. Over a period of time before the explosion, defendant directed his subordinates to provide advance notice of MSHA inspections by announcing when inspectors arrived at UBB. That conduct is a criminal violation of mine safety laws. If defendant answered truthfully about the practice of giving such notice, he would have exposed himself, his co-workers, and his employer to criminal and administrative penalties. A truthful answer also would become powerful evidence in the civil litigation against defendant's employer. Perhaps just as important, if defendant admitted to systematic safety violations committed before the explosion, he would have opened up himself and his entire company to harsh public condemnation.

Defendant's motive for disposing of documents is similar. The documents contained evidence of the practice of advance notice of inspections, as well as evidence of other misconduct at UBB.  The documents also furnish one of the most detailed records available of day-to-day activities at the mine site. They provide valuable evidence for investigators trying to piece together what led to the explosion.  Absent the explosion, defendant had no reason to order them destroyed.  With the explosion, he possessed the classic motive for a cover-up.

Motive is vitally important to any criminal case.  Jurors naturally — and properly — doubt that someone would commit a crime for no reason.  Excluding evidence of the explosion and its significance would falsely lead jurors to believe that defendant had no reason to commit the acts charged.

Evidence that establishes motive thus is highly probative and should be admitted even if there is some risk of unfair prejudice.  For example, in United States v. Higgs, 353 F.3d 281, 312 (4th Cir. 2003), a death penalty case, the Fourth Circuit affirmed the admission of evidence that defendant Higgs committed bank fraud because it showed his motive to murder a witness who knew of the fraud.  See also United States v. Russell, 971 F.2d 1098, 1106-07 (4th Cir. 1992) (affirming admission of motive evidence over objection of unfair

10

prejudice); <u>United States v. Velazquez</u>, 847 F.2d 140, 143 (4th Cir. 1988) (same).

### C. Evidence of the Explosion is Intrinsic to Evidence Against Defendant.

The explosion is intrinsic to evidence that the United States likely will offer against defendant. Excluding references to it would artificially eliminate much probative evidence from the case. This includes evidence that, because of the explosion and ensuing investigations, defendant was expressly directed to preserve documents before his attempt to destroy them. His disregard of that clear directive establishes his criminal intent. The United States also likely will offer evidence that after (and because of) the explosion, defendant ordered his subordinates to stop unlawfully giving advance notice of MSHA inspectors at UBB. This evidence establishes that defendant knew that his prior policy to provide advance notice was unlawful and explains why he lied about that policy to investigators.

### D. Evidence of the Explosion is Essential to the Narrative Underlying Defendant's Crimes.

Beyond its importance to specific elements and pieces of evidence, the UBB explosion is fundamental to understanding the course of events that led to defendant's crimes. But for the disaster at UBB, the investigations that defendant lied to and

11

obstructed never would have existed.   If the explosion is excluded, the jury will be left to wonder why the FBI might possibly have been investigating this case, or how MSHA came to depose defendant under oath.

Giving the jury a coherent narrative is a paramount concern in the Rule 403 analysis.   The Supreme Court has spoken clearly on this point.   In Old Chief v. United States, 519 U.S. 172 (1997), Justice Souter wrote at length for the Court about what he called the "offering party's need for evidentiary richness and narrative integrity in presenting a case."   Old Chief, 519 U.S. at 183.   The full discussion in Old Chief runs too long to recount fully here, but the gist of it is this:   The prosecution is entitled to prove its case by evidence of its own choice. Old Chief, 519 U.S. at 186-87.   The overall narrative of what happened in a case has independent probative value separate and apart from the discrete elements, which "is often essential to the capacity of jurors to satisfy the obligations that the law places on them."   Old Chief, 519 U.S. at 187.   Narrative gaps left by exclusion of evidence should not be allowed to unfairly distort a case.   Old Chief, 519 U.S. at 189 ("People who hear a story interrupted by gaps of abstraction may be puzzled at the missing chapters, and jurors asked to rest a momentous decision on the story's truth can feel put upon at being asked to take

responsibility knowing that more could be said than they have heard.").   In short, the narrative value of evidence warrants its admission.

## II. The Danger of Unfair Prejudice Does Not Substantially Outweigh the Probative Value of Evidence of the UBB Explosion.

Rule 403 prescribes a balancing test:  Does evidence pose a risk of unfair prejudice that substantially outweighs its probative value?  Three things about that test are worth noting.

First, the test strongly favors admitting evidence.  United States v. Aramony, 88 F.3d 1369, 1378 (4th Cir. 1996).   The Fifth Circuit aptly expressed this longstanding principle in United States v. McRae, 593 F.2d 700, 707 (5th Cir.), cert. denied, 444 U.S. 862, 100 S.Ct 128, 62 L.Ed.2d 83 (1979): "Unless trials are to be conducted on scenarios, on unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing. . . . It is not designed to permit the court to 'even out' the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none."

Second, the test focuses on unfair prejudice, and most of the prejudice created by trial evidence is not unfair.  Evidence of the explosion prejudices defendant, but fairly, because the prejudice comes from the evidence's probative value—its tendency to prove the elements and other facts of consequence in the case.  United States v. Mohr, 318 F.3d 613, 619 (4th Cir. 2003).

Third, the danger of unfair prejudice refers only to the danger remaining after the Court's mitigating powers are considered.  Generally, a trial court can obviate the danger of prejudice with a limiting instruction.  Mohr, 318 F.3d at 620; United States v. Aramony, 88 F.3d 1369, 1378 (4th Cir. 1996). Such an instruction is fitting here.  Moreover, the Court has ample power to avoid any unfair prejudice by its routine supervision of testimony and exhibits as trial progresses.  The United States will limit references to the explosion to those necessary for proper evidentiary purposes, and the Court will have no difficulty exercising its authority to avoid unfair prejudice.

Because evidence of the explosion is necessary to try the case and because the Court can avoid any unfair prejudice through trial supervision and a limiting instruction, the risk of such prejudice does not substantially outweigh the evidence's probative value.   Defendant provides no authority to the

14

contrary; to rule in his favor would require the Court to disregard overwhelming precedent.  His motion should be denied.

                                        Respectfully submitted,
                                        R. BOOTH GOODWIN II
                                        United States Attorney


                                        s/Blaire L. Malkin
                                        Blaire L. Malkin
                                        WV Bar Number: 10671
                                        Assistant United States Attorney
                                        United States Attorney's Office
                                        300 Virginia Street, E., Suite 4000
                                        Charleston, West Virginia 25301
                                        Telephone: (304) 345-2200
                                        Fax: (304) 347-5104
                                        Email: blaire.malkin@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing "RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE, TESTIMONY, OR REFERENCE TO THE APRIL 5, 2010 TRAGEDY AT THE UPPER BIG BRANCH MINE," has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on this 30th day of June, 2011, to:

William David Wilmoth, Esquire
Steptoe & Johnson PLLC
1233 Main Street, Suite 3000
Wheeling, WV  26003-0751

s/Blaire L. Malkin
Blaire L. Malkin
WV Bar Number: 10671
Assistant United States Attorney
United States Attorney's Office
300 Virginia Street, E., Suite 4000
Charleston, West Virginia 25301
Telephone: (304) 345-2200
Fax: (304) 347-5104
Email: blaire.malkin@usdoj.gov