UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                   CRIMINAL NO. 5:11-CR-00038

HUGHIE ELBERT STOVER,

        Defendant.

## MOTION TO CONTINUE TRIAL

Comes now the Defendant, Hughie Elbert Stover, by counsel, and respectfully requests this matter, now set for trial on July 18, 2011, to be continued. In support, the Defendant states the following:

1.    The Defendant was indicted in this matter on February 25, 2011 in a two count Indictment [Dkt. No. 1], charging him with making false statements to federal agents, in violation of 18 U.S.C. §1001 (Count I), and with concealment of documents in federal investigations, in violation of 18 U.S.C. §§ 2(b) and 1519 (Count II).

2.    The Defendant made his initial appearance on February 28, 2011, and was arraigned on March 15, 2011.

3.    The Arraignment Order and Standard Discovery Requests [Dkt. No. 13], entered on March 15, 2011, scheduled the trial in this matter for April 25, 2011, ordering pretrial motions to be filed by March 29, 2011, and scheduled a pre-trial hearing on said motions for April 5, 2011.

4. On March 28, 2011, the Defendant moved to continue the trial of this case based on the voluminous amount of evidence in the case that he was yet to receive from the Government, the fact that additional physical evidence was to be made available to the Defendant that was in the possession of the government, and that the discovery response from Defendant to the Government was not scheduled to be turned over until after the pretrial motions hearing, which was well past the deadline for filing pretrial motions.

5. On April 4, 2011, the Court granted Defendant's motion and continued the trial of this case until July 18, 2011, along with the other filing dates in the case [Dkt. No. 22].

6. Subsequently, on May 17, 2011, a Superseding Indictment [Dkt. No. 23] was filed, charging Defendant with an additional count of making false statements to federal agents, in violation of 18 U.S.C. §1001 (Count I).

7. The Defendant was arraigned on the Superseding Indictment on May 24, 2011 [Dkt. No. 26].

8. On June 21, 2011, the parties filed various motions, including the defendant's Motion to Dismiss [Dkt. No. 31].

9. On June 22, 2011, the Government moved for a brief continuance of the pretrial motions hearing in this case, as well as an extension of time within which to file responsive briefs [Dkt. No. 36]. In support of its motion, the Government stated that the motions hearing needed to be continued because, under the briefing schedule, responses were not due until June 28, 2011, which was the date of the pretrial motions hearing, and because its lead prosecutor would be out of the office until June 24, 2011.

10. In its motion, the Government also noted that Defendant's motions raise substantial issues.

11. Subsequently, on June 27, 2011, the Court held a telephonic conference [Dkt. No. 37] with the respective parties regarding the briefing and disposition schedule for Defendant's motion to dismiss. At that time, the parties recognized the time insufficiency of the schedule to provide for complete consideration of the issues and represented to the Magistrate Judge that they would likely be submitting a motion to continue the trial.

12. On July 1, 2011, however, the Government filed its motion to schedule a pretrial hearing on the pending motion to dismiss on July 5, 2011, or as soon thereafter as possible, "to allow adequate time before trial to resolve the Motion to Dismiss." While recognizing that the parties had been in agreement that they would likely move to continue the trial, the Government represented that it no longer believed that a continuance of the trial would be necessary. The defendant now unexpectedly makes this motion by himself.

13. First, in its order granting the Government's motion for a continuance, the Court deferred scheduling the deadline for the defendant's reply brief or a date for a hearing on the motion, stating that it would do so after the District Court's ruling on the parties' motion to continue the trial.

14. Second, contrary to the Government's new position, the same factors, which the parties recognized on June 27, 2011, necessitated a continuance of the trial, still exist and the motion to dismiss cannot be resolved before the currently scheduled trial date of July 18, 2011.

15. Importantly, even if a pretrial hearing could be scheduled as soon as July 6, 2011,[1] the Magistrate Judge must issue a written proposed findings and recommendation

---

[1] As of close of business on Friday, July 1, 2011, the Court had not scheduled a hearing on the motion to dismiss. The earliest such a hearing could be set is, therefore, the day after the next day of court, which would be July 6, 2011.

("PF&R") regarding the disposition of the motion to dismiss.  See 28 U.S.C. § 636(b)(1)(B). Recognizing the demanding schedule of the Court's docket as well as the need for a full and fair review of the issues, it is difficult to imagine that an PF&R could issue before July 13, 2011, one week after the earliest a hearing on the motion could be held.

16. Thereafter, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59, the parties have fourteen (14) days after being served with a copy of the Magistrate Judge's PF&R to file written objections.  As such, the parties would have until at least July 27, 2011, to file any objections.

17. At that point, the District Judge must undertake a de novo review of the portions of the PF&R to which there are specific objections.  The District Judge also then has the discretion to receive further evidence or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).  Any of those scenarios would result in additional days until final determination of the motion to dismiss.  Importantly, even if no objections were made and the District Court summarily adopted the PF&R, a ruling on the motion to dismiss would not issue until July 28, 2011, which is ten (10) days after the first day of trial.

18. Pursuant to Federal Rule of Criminal Procedure 12(d), the Court must decide every pretrial motion before trial unless it finds good cause to defer a ruling.

19. Motions raising pure questions of law present no grounds for a finding of good cause such that a ruling on a pretrial motion can be deferred until after the beginning of the trial.  See United States v. Phillips, 367 F.3d 846, 855 (9th Cir. 2004)(citations omitted).

20. Accordingly, the trial of this case should be continued until at least July 29, 2011.

21.     Finally, the time required of either party to respond to the Magistrate Judge's PF&R would be time necessarily taken from trial preparation.  Counsel for Defendant represents that the additional time to be gained by a continuance is necessary not only to properly address the pending motions, but also to the effective preparation of the trial of this matter, taking into account the exercise of due diligence.

22.     Realistically, the defendant proposes the following schedule for proper and expeditious determination of the pending motion to dismiss, which schedule was discussed during the telephonic conference with the Court on June 27, 2011:

| | |
|---|---|
| Government's Response | Due on or before July 8, 2011[2] |
| Defendant's Reply | Due July 20, 2011 |
| Hearing on the Motion to Dismiss | On or about August 3, 2011 |
| PF&R Issued | On or about August 10, 2011 |
| Objections to PF&R | Due on or about August 29, 2011 |
| Trial | October 2011 |

23.     The Defendant respectfully requests that the trial of this matter be continued to October 2011, following a schedule similar to the one outlined above and discussed during the telephonic conference on June 27, 2011, in order to ensure that proper consideration is

---

[2] The Defendant recognizes that the Government filed its response on July 1, 2011 [Dkt. No. 43], but includes this date to represent the complete schedule discussed during the June 27, 2011 telephonic conference.  The Defendant also notes that the government filed their brief early, well in advance of the July 8, 2011 deadline set in the Court's Order dated June 27, 2011 [Dkt. No. 38].

able to be given to the pending motion to dismiss, to provide the parties with the statutorily set time periods within which to file objections and responses, and to allow the parties, and especially the Defendant, adequate time effectively to prepare for trial, consistent with the rulings on the various pretrial motions.

24. In tandem with that request, Defendant requests that the Court reschedule the witness disclosure deadline, deadline for submitting proposed voir dire questions and jury instructions, and the date of the pretrial hearing in this case to coincide with the new trial date.

25. In addition, continuing the trial to a later date would also serve to avoid undue prejudice or jury pool tainting issues because of the recent publicity generated by the federal Mine Safety and Health Administration's release on June 29, 2011, of its report on the tragedy that occurred at the Upper Big Branch Mine on April 5, 2010. That report and its findings are unrelated to the crimes charged against Defendant and the media coverage thereof has the potential of casting a pall over these distinct proceedings and impairing the ability to conduct a fair and just trial of this case.

26. For all of the foregoing reasons, Defendant believes that the ends of justice would be served in granting his request for a continuance, and that such action outweighs the best interest of the public and the defendant in a speedy trial as set forth in the Speedy Trial Act, 18 U.S.C. §3161 *et seq*.

27. The Defendant, who is free on bond and not incarcerated pending trial, personally and specifically waives his right to a speedy trial in support of this Motion to Continue.

WHEREFORE, Defendant Hughie Elbert Stover, by counsel, respectfully requests that the Court continue the trial, all pretrial filing deadlines, and the pretrial hearing in this case in order adequately to address and obtain rulings on his motion to dismiss and to allow the parties the reasonable time necessary to effectively to prepare for trial.

Dated this 2nd day of July, 2011.

**HUGHIE ELBERT STOVER,**
By Counsel

*/s/ William J. O'Brien*
William D. Wilmoth, Esq. (W. Va. Bar. No. 4075)
William J. O'Brien, Esq. (W. Va. Bar No. 10549)
Robert L. Bailey, Esq. (W. Va. Bar No. 8902)
1233 Main Street Suite 3000
P. O. Box 751
Wheeling, WV 26003-0751
Telephone:	(304) 233-0000
Facsimile:	(304) 233-0014
*Counsel for Defendant*

**STEPTOE & JOHNSON PLLC**
*Of Counsel*

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                      CRIMINAL NO. 5:11-CR-00038

HUGHIE ELBERT STOVER,

      Defendant.

### CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of July, 2011, I served the foregoing *Motion to Continue* upon all counsel of record, using the Court's CM/ECF filing system as follows:

      Hon. R. Booth Goodwin, II
      United States Attorney
      Southern District of West Virginia
      300 Virginia Street, East, Room 4000
      Charleston, West Virginia  25301

      Blaire L. Malkin, Esq.
      Assistant United States Attorney
      Southern District of West Virginia
      300 Virginia Street, East, Room 4000
      Charleston, West Virginia  25301

      Steven R. Ruby, Esq.
      Assistant United States Attorney
      Southern District of West Virginia
      300 Virginia Street, East, Room 4000
      Charleston, West Virginia  25301

                              */s/ William J. O'Brien*