IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

**UNITED STATES OF AMERICA**

**v.**  CRIMINAL NO. 5:11-00038

**HUGHIE ELBERT STOVER**

### RESPONSE OF THE UNITED STATES TO DEFENDANT'S SECOND MOTION TO CONTINUE TRIAL

Comes now the United States of America by Blaire L. Malkin, Assistant United States Attorney for the Southern District of West Virginia, and hereby responds in opposition to defendant's Second Motion to Continue Trial [Docket 46].

Defendant requests a continuance based mainly on the procedural requirements that arise because a Motion to Dismiss has been referred to the United States Magistrate Judge. These requirements include the need to issue proposed findings and recommendations, plus the mandatory fourteen days for the parties to object to them. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59.

The United States respectfully suggests that the simplest and best solution is for the United States District Judge to take up the Motion to Dismiss at the same time as the other pending motions, without an intervening reference. The United States has filed a motion requesting this relief [Docket 47].

Rarely if ever is a single pretrial motion so complex that it should seize control of the trial schedule. Yet defendant asks to delay trial somewhere between ten days and three months on account of his Motion to Dismiss Counts One and Two of the Superseding Indictment (the "Motion to Dismiss"). That motion, however, is not particularly complicated. The Court can resolve it without any unusual difficulty. Six other motions are pending and can be decided in time for trial on July 18. The Motion to Dismiss can be handled along with those others; there is no reason to continue this trial a second time. Because all the other pending motions are already excluded from reference by the Court's March 2, 2011 Order of Reference [Docket 11], and given the timing concerns raised by defendant, this approach makes good sense.

The United States also requests that the Court withhold ruling on defendant's Second Motion to Continue until after the pretrial motions are decided. Delaying ruling on the motion until that point would likely allow the resolution of many of the issues raised in the Motion to Continue. In addition, it would allow counsel the ability to address any new issues that might arise based on the Court's rulings on the pretrial motions and avoid any further such requests for continuance.

Alternatively, if the Court does choose to continue the trial date, the United States submits that trial should begin no later than July 25, 2011. The United States has moved for a hearing on the Motion to Dismiss for the week of July 5, 2011 [Docket 44]. If that hearing is held July 6 or 7, a July 25 trial date would be consistent with the schedules the Court has set previously in this case and would delay trial by only a week. The original Arraignment Order of March 15, 2011 [Docket 13] set trial for April 25, 2011, twenty days after the scheduled April 5, 2011 pretrial motions hearing. Similarly, in its April 5, 2011 Order granting defendant's first request for continuance [Docket 22], the Court set trial for July 18, 2011, twenty days after the scheduled June 28, 2011 pretrial motions hearing. A trial date nineteen or eighteen days after the hearing on the Motion to Dismiss would parallel those prior schedules. Moreover, that time span would be ample given the routine nature of the Motion to Dismiss and the fact that it is the only pretrial motion subject to the Order of Reference.

If the Court decides to grant defendant's Motion to Continue, the United States submits that the lengthy continuance of almost three months suggested by the defendant would be contrary to the interests of the public in having the matter

brought to trial as quickly as possible. The United States strenuously opposes a continuance of this length.

>Respectfully submitted,
>
>R. BOOTH GOODWIN II
>United States Attorney
>
>s/Blaire L. Malkin
>Blaire L. Malkin
>WV Bar Number: 10671
>Assistant United States Attorney
>United States Attorney's Office
>300 Virginia Street, E., Suite 4000
>Charleston, West Virginia 25301
>Telephone: (304) 345-2200
>Fax: (304) 347-5104
>Email: blaire.malkin@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing "RESPONSE OF THE UNITED STATES TO DEFENDANT'S SECOND MOTION TO CONTINUE TRIAL," has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on this 5th day of July, 2011, to:

> William David Wilmoth, Esquire
> Steptoe & Johnson PLLC
> 1233 Main Street, Suite 3000
> Wheeling, WV  26003-0751

> s/Blaire L. Malkin
> Blaire L. Malkin
> WV Bar Number: 10671
> Assistant United States Attorney
> United States Attorney's Office
> 300 Virginia Street, E., Suite 4000
> Charleston, West Virginia 25301
> Telephone: (304) 345-2200
> Fax: (304) 347-5104
> Email: blaire.malkin@usdoj.gov