**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 5:11-cr-00038

HUGHIE ELBERT STOVER,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Defendant's Motion to Dismiss Counts One and Two of the Superseding Indictment [Docket 31], filed June 21, 2011, Defendant's Motion to Continue Trial [Docket 46], filed July 2, 2011, the United States' Motion to Withdraw Reference to United States Magistrate Judge [Docket 47], filed July 5, 2011, and the United States' Withdrawal of Opposition to Defendant's Motion to Continue Trial [Docket 66] filed on July 12, 2011.

Defendant moves the Court to continue the trial of this matter to October 2011, and to extend other deadlines to allow adequate time for the magistrate judge's consideration of his motion to dismiss, for the filing of subsequent objections and review, and for review of the pending pretrial motions. He also asserts that a continuance will avoid undue prejudice or the tainting of the jury pool due to the federal Mine Safety and Health Administration's ("MSHA") recent release on June 29, 2011, of its report on the explosion that occurred at the Upper Big Branch Mine on April 5, 2010.

In its Motion to Withdraw Reference, the Government seeks to withdraw the reference to the magistrate judge of Defendant's Motion to Dismiss. The Government requests that this Court remove the motion from the magistrate judge's consideration and hear the motion directly to avoid the delay resulting from the issuance of the magistrate judge's proposed findings and recommendation, the period for objections and this Court's eventual review and ruling on objections.

On July 7, 2011, Defendant filed a Response in Opposition to Government's Motion to Withdraw Referral [Docket 57]. Defendant objects to the Government's motion for reasons set forth in his pending motion to continue regarding the tainting of the jury pool due to the recent release of the report on the Upper Big Branch mine tragedy. Essentially, Defendant objects to the Government's motion, to the extent it contravenes his Motion to Continue Trial.

The Court finds that in the interest of justice and the efficient use of time, it is appropriate in this case to withdraw the reference to the magistrate judge of Defendant's Motion to Dismiss. To the extent that the Motion to Continue Trial relies on potential prejudice and/or tainting of the jury pool due to the recently released report related to the Upper Big Branch mine explosion, the Court finds the motion to be speculative at this point in time. Although the Court has received and reviewed the United States' Withdrawal of Opposition to Defendant's Motion to Continue Trial, the document does not address the bases relied on by the Defendant in seeking a continuance of the trial. Further, although the Government's withdrawal potentially cites new or different grounds for a continuance, no new motion has been filed. Accordingly, the Court **ORDERS** that the United States' Motion to Withdraw Reference to United States Magistrate Judge [Docket 47] be **GRANTED,** and Defendant's Motion to Dismiss Counts One and Two of the Superseding

Indictment [Docket 31] is hereby withdrawn from the magistrate judge's consideration. Given the reasons cited in the Defendant's motion to continue and given the findings set forth herein, the Court **ORDERS** that Defendant's Motion to Continue Trial [Docket 46] be **DENIED**.

The Court now turns to Defendant's Motion to Dismiss. In his motion, Defendant contends that Counts I and II of the superseding indictment, the counts relating to 18 U.S.C. § 1001 (false statement), are defective and should be dismissed. He asserts that taking the allegations in the indictment as true, they do not amount to violations of 18 U.S.C. § 1001. Specifically, he asserts that the statements attributed to him in the indictment do not directly contradict the Government's evidence of the statements' falsity. He further asserts that the indictment does not state any factual basis to meet the "knowingly" and "willfully" elements of the crime. The Government responds that Defendant is improperly attacking the sufficiency of its evidence at this stage, and that the indictment more than satisfies the Rule 7(c)(1) of the Federal Rules of Criminal Procedure. In his reply, Defendant contends that he was not attacking the Government's evidence, but rather asserting that the indictment, on its face, does not state violations of 18 U.S.C. § 1001.

Rule 7(c)(1) states that "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. P. 7(c)(1). "[A]n indictment must contain the elements of the offense charged, fairly inform a defendant of the charge, and enable the defendant to plead double jeopardy as a defense in a future prosecution for the same offense." *United States v. Kingrea*, 573 F.3d 186, 191 (4th Cir.2009) (internal quotation marks omitted). The notice requirement "derives from the defendant's Sixth Amendment right to be informed of the nature and cause of the accusation." *United States v. Hooker*, 841 F.2d 1225, 1230 (4th Cir.1988). "[T]he indictment must

include every essential element of an offense, or else the indictment is invalid . . ..." *United States v. Darby*, 37 F.3d 1059, 1063 (4th Cir. 1994). This requirement derives from the Fifth Amendment, "which requires that the grand jury have considered and found all elements to be present." *Hooker*, 841 F.2d at 1230.

The elements of a violation of 18 U.S.C. § 1001 are (1) that the matter was within the jurisdiction of the executive, legislative, or judicial branch of the United States Government and (2) that Defendant knowingly and willfully falsified, concealed, or covered up a material fact by trick, scheme, or artifice or (3) that Defendant made a materially false, fictitious, or fraudulent statement or representation or (4) that Defendant made or used a false writing or document and knew that such writing or document contained materially false, fictitious, or fraudulent statements or entries. "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'" *United States v. Hamling*, 418 U.S. 87, 117 (1974) (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)).

In Counts I and II of the superseding indictment, the Government alleges that Defendant knowingly and willfully made false statements to MSHA inspectors, representatives of the Department of Labor and FBI Special Agents regarding Performance Mine's policies and practices, and that he did so knowing the statements were false. These allegations set forth the elements necessary to constitute an offense of 18 U.S.C. § 1001. With the above standards in mind, the Court concludes that the superceding indictment is sufficient under Rule 7(c)(1) and fairly gives notice to Defendant of the charge. Defendant's argument that the Government fails to set forth allegations

of the necessary intent required by the elements of "willfully" and "knowingly" is an argument on the sufficiency of the Government's evidence. That argument, as well as his arguments regarding the statements attributed to him and their falsity, presume what the Government's evidence is going to be in proving each element of the offense. These arguments are not properly brought in a motion to dismiss at this stage of the proceedings. Therefore, after careful consideration and given the findings contained herein, the Court **ORDERS** that Defendant's Motion to Dismiss Counts One and Two of the Superseding Indictment [Docket 31] be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office and to the United States Marshal.

                ENTER:     July 13, 2011

*[Signature]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA