```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BECKLEY

              PARTIAL TRANSCRIPT OF PROCEEDINGS
```

------------------------------x
                              :
UNITED STATES OF AMERICA,     :      CRIMINAL ACTION
                              :      NO. 5:11-CR-00038
vs.                           :
                              :
HUGHIE ELBERT STOVER,         :      October 21, 2011
                              :
       Defendant.             :
                              :
------------------------------x

```
                      TRIAL - DAY 1

          BEFORE THE HONORABLE IRENE C. BERGER
              UNITED STATES DISTRICT JUDGE
```

APPEARANCES:

For the United States:        MS. BLAIRE L. MALKIN
                              MR. PHILIP H. WRIGHT
                              MR. LARRY R. ELLIS
                              Assistant U.S. Attorneys
                              300 Virginia Street, East
                              Charleston, WV  25301

For the Defendant:            MR. WILLIAM D. WILMOTH
                              Steptoe & Johnson
                              P.O. Box 751
                              Wheeling, WV  26003-0751

                              MR. WILLIAM J. O'BRIEN
                              Steptoe & Johnson
                              400 White Oaks Boulevard
                              Bridgeport, WV  26330


Court Reporter:               Lisa A. Cook, RPR-RMR-CRR-FCRR
Proceedings recorded by mechanical stenography; transcript
produced by computer.

Case 5:11-cr-00038   Document 139   Filed 10/21/11   Page 1 of 6 PageID #: 629

1              P R O C E E D I N G S
2                   * * * * *
3          THE COURT: Is it your position, Mr. Wright, that
4    if these witnesses were to testify that they had not
5    heard --
6       I'll give you an opportunity to respond. I just want
7    to make sure I understand unless you want to shortcut this.
8           MR. WILMOTH: Well, I can I think. I think I can
9    shortcut a little bit.
10      Mr. Stover is being charged with a false statement
11   about the existence of a policy of advance notice.
12   Certainly, we're not going to call all 30 of those people.
13   And the ones that we would seek to call would be short.
14      But the crux of their testimony will be to support our
15   argument that if there is a policy of advance notice, there
16   are an awful lot of people who don't know about it. And --
17           THE COURT: Well, and that was going to be my
18   question to Mr. Wright is that if the Government is going to
19   prove the falsity of the statements -- and I don't know your
20   case -- there would be evidence, I would assume, that there
21   is not a policy with respect to advance notice.
22      When I read the indictment, the Government has, at
23   least in its indictment, at least put part of that on the
24   fact that it alleges that the defendant trained people to,
25   in fact, give advance notice. I want to make sure I

1 understand the argument that you're making is that these
2 witnesses' testimony would not be relevant to show that such
3 a policy did, in fact, exist.
4     MR. WRIGHT: Your Honor, there are two aspects to
5 it, of the advance notice. It starts, our proof will be,
6 with the security guards who worked for Mr. Stover. And our
7 evidence will be that they were trained by Mr. Stover to
8 announce over certain channels on the radio that a mine
9 inspector, an MSHA inspector had arrived and was on the
10 property. That broadcast transmission was received by a
11 dispatcher. The dispatcher would in turn pass it into the
12 mine.
13     The witnesses that I believe that have been subpoenaed
14 worked at any number of sections, did not work with
15 Mr. Stover, probably don't even know Mr. Stover, would not
16 have received training from Mr. Stover.
17     Our evidence of the falsity of his testimony will be
18 the aspect centered on the security guards corroborated by
19 the fact that there will be -- dispatchers actually heard
20 it. And also that demonstrates that it is material, that it
21 matters; that when a security guard makes a transmission,
22 there is somebody who actually does something about that at
23 the other end of that radio.
24     Now, when they turn around and call that into the mine,
25 Mr. Stover doesn't work with the miners. Mr. Stover -- and

1 our evidence will not be that. It will not be that these
2 people know anything about Mr. Stover.
3     Their testimony in the mine will not in any way impeach
4 what the security guards would say they do because they
5 would say that they don't know anything about what the
6 security guards are doing. And it would also not even
7 impeach the dispatchers unless they were there on that
8 particular dispatcher's shift and worked every time that
9 dispatcher made a transmission.
10     THE COURT: All right.
11 Mr. Wilmoth, anything further?
12     MR. WILMOTH: Well, the, the very definition of
13 what advance notice is will be a huge issue in the case.
14 And Mr. Stover is being charged with knowing that there was
15 a policy of advance notice, whatever that is, and that it
16 was widespread across the mines.
17     And if there is a representative sample of those
18 people, those 30 or so people -- I didn't count them all.
19 I'll take Mr. Wright at his math. If there is a
20 representative sample of those people that says, "Well, you
21 know what, we never heard it down in the mine," and there's
22 no evidence that, that Mr. Stover, for example, went to the
23 dispatcher and said, "Hey, call down in the mines and tell
24 them the inspector is coming," which I think is what the
25 evidence will be, then it seems to me that we'll be

1 hamstrung unfairly if we can't put a sample of those people
2 on who will back up Mr. Stover's position that there is no
3 such policy.
4 And another aspect of the evidence is that Mr. Stover
5 was directed to train his folks to announce everyone who
6 came in through the gates as long as they weren't a Massey
7 employee. So, John Smith from Fed Ex was announced. Bill
8 Wilmoth from Steptoe & Johnson for an inspection was
9 announced, "Bill Wilmoth is on the property," just the same
10 way that the inspectors were. "Mary Jones, MSHA inspector,
11 is on the property," words to that effect.
12 The evidence will be that Mr. Stover was directed by
13 the highers up who have not been indicted, of course, to do
14 exactly that. And when he questioned them, he was told that
15 the, the Massey lawyers had done some research and it's not
16 an advance notice policy if you announce everyone in the
17 same generic way.
18 So, any proof that we have that tends to prove that
19 there's not a policy of advance notice, including people
20 underground whose names the Government provided who didn't
21 ever hear a warning, is an important part of our evidence.
22 THE COURT: Well, let me say this to you.
23 I will be cautious and listen to the Government's case,
24 Mr. Wright, in making a determination as to whether or not
25 these witnesses' testimony is relevant. But based on your

1  very own statement that you made to me this afternoon, I
2  tend to think that those witnesses' testimony could, in
3  fact, be relevant from a defense standpoint.
4       I will not give you-all a ruling.  That's my
5  inclination based on your statement to me.  But I want to be
6  cautious and make sure that this jury only hears legally
7  admissible evidence.  I'll hear the Government's case and
8  make a determination about the admissibility of those
9  witnesses' testimony.  You-all have a good weekend.
10      (Trial recessed at 2:30 p.m.)
11                    * * * * *
12
13
14
15      I, Lisa A. Cook, Official Reporter of the United
16 States District Court for the Southern District of West
17 Virginia, do hereby certify that the foregoing is a true and
18 correct transcript, to the best of my ability, from the
19 record of proceedings in the above-entitled matter.
20
21
22      s\Lisa A. Cook                    October 21, 2011
23         Reporter                            Date
24
25