IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.                                                          CRIMINAL NO. 5:11-00038

HUGHIE ELBERT STOVER

### SENTENCING MEMORANDUM OF THE UNITED STATES

Defendant stands convicted of obstructing justice and making a false statement, but merely naming his offenses conveys little of his conduct's reach or consequences. Since defendant's conviction, the Mine Safety and Health Administration (MSHA) has determined that routine advance warnings of inspections at the Upper Big Branch mine (UBB) were a contributing cause of the fatal April 2010 explosion there. Twenty-nine coal miners thus died in part because of a system of inspection warnings that depended heavily on defendant's leadership.

The government investigation of that disaster was among the most important in decades, not just to the grieving families but to 45,000 underground coal miners whose lives depend on preventing another UBB — and to a nation appalled and ashamed that such a thing could happen in 21st-century America. Defendant acted to sabotage that investigation. He lied to investigators and dumped more than 50,000 pages of documents to hide his part in the catastrophe.

The statutory maximum sentence, by definition, is the sentence reserved for the most extraordinary examples of a particular crime. The exceptional consequences of defendant's conduct put this case in that rare category. It is difficult to imagine a conviction for obstructing justice and making a false statement whose facts would rival these, with 29 miners dead and the subversion of an investigation of the highest national priority. For that reason, a sentence that does not at least approach the maximum would not reflect the seriousness of the offense, provide

just punishment, or promote respect for the law, as 18 U.S.C. § 3553(a) requires. Indeed, even the 25-year maximum sentence would represent only 10½ months for each death involved. A sentence much lower — including one within or near the Guidelines range of 33 to 41 months — would risk trivializing the impact of defendant's conduct.

I.      **Defendant's Conduct Was a Contributing Cause of the UBB Explosion.**

A 20-month MSHA investigation concluded that the systematic practice of providing advance warning of inspections at UBB was part of the cause of that mine's April 2010 explosion. See MSHA, Report of Investigation, Fatal Underground Mine Explosion, April 5, 2010, at 60-61, 157, 160-62 [hereinafter "MSHA UBB Report"] (attached as Exhibit A). The United States will offer testimony on this finding at sentencing.

Defendant played a singular and indispensable role in these warnings, as the United States proved at trial. He required UBB security guards to act as lookouts for mine inspectors, making a radio announcement the moment an inspector arrived. UBB was a sprawling mine, so these early warnings routinely gave mine officials up to two hours to conceal illegal conditions. Defendant's wrongdoing helped stop MSHA inspectors from ever discovering how dangerous UBB truly was.

Crucially, defendant was told at least twice in the years before the explosion that he was breaking the law. In 2001 and 2007, MSHA inspectors told guards working for defendant that it was illegal to announce inspections at the mine. Both times, defendant's subordinates informed him, but to no avail. He ignored MSHA's instructions and persisted in ordering that inspections be announced. See Trial Tr. vol. II, 141, 217-21, Oct. 24, 2011.

## II. The Advisory Sentencing Guidelines Are Inadequate in This Case.

A Guidelines sentence here would not fulfill § 3553(a)'s mandate to reflect the seriousness of the offense. The Guidelines offer standard sentences for standard cases. They add nothing for the 29 deaths partly attributable to defendant or the once-in-a-generation investigation he subverted. To provide some perspective, defendant's advisory Guidelines range of 33 to 41 months would be the same had he obstructed an investigation into the impersonation of a 4-H club member (18 U.S.C. § 916) or transporting water chestnuts across state lines (18 U.S.C. § 46).

## III. Precedent Supports a Severe Sentence.

Precedent supports a sentence at or near the statutory maximum, for two reasons. First, in an obstruction case, the significance of the underlying investigation matters enormously. Consider a recent Eighth Circuit case involving two false statement convictions. The Guidelines range for those offenses was zero to six months, but the Guidelines did not account for the case's central fact: the false statements obstructed the investigation of a child's murder. The district court imposed the maximum sentence of 10 years' imprisonment — 114 months above the Guidelines — and was affirmed. United States v. Richart, 662 F.3d 1037 (8th Cir. 2011).[1]

Second, the consequences of a defendant's underlying conduct also matter, even if they are unintended. In Texas, for example, a defendant whose role in an alien-smuggling conspiracy contributed to the accidental deaths of 19 illegal immigrants in an overheated tractor trailer, a court imposed a 247-month sentence — 72 months above the already-high 140-to-175-month Guidelines range. The Fifth Circuit affirmed. United States v. Rodriguez, 353 Fed. Appx. 890 (5th Cir. 2009). In Maryland, a felon who took a revolver to his probation officer's office faced a Guidelines range of 24 to 30 months. After departing and varying upward, the district court

---

[1] The decisions cited in this Memorandum are attached as Exhibit B.

3

imposed a 96-month sentence, in part because of the psychological impact on the officer. The Fourth Circuit affirmed. United States v. Alvarado Perez, 609 F.3d 609 (4th Cir. 2010). In South Carolina in 2009, a court rejected the 10-year Guidelines sentence for a defendant who tried to kill a witness, instead imposing a 300-month sentence for circumstances beyond the Guidelines' contemplation. The Fourth Circuit affirmed. United States v. Jones, 343 Fed. Appx. 946 (4th Cir. 2009). These cases underscore the now-advisory Guidelines' limited role when circumstances are exceptional.[2]

## IV. Deterrence Requires a Severe Sentence.

Longstanding conventional wisdom holds that the federal government cares little about mine safety crimes. This case has the potential to upend that assumption and foster broad deterrence in an industry that is closely monitoring the outcome here. A sentence consistent with the magnitude of defendant's conduct and its consequences will send a resounding message: gambling with coal miners' lives risks the most severe punishment available under the law.

## V. Proportionality Requires a Severe Sentence.

Courts routinely impose sentences far higher than defendant's Guidelines range in gun and drug cases whose facts pale next to those here. Consider a recent sampling from this District in the past few weeks: 260 months for charges involving gun possession and selling crack (United States v. Johnson, 3:11-cr-00054); 64 months for the $200 sale of three grams of crack. (United States v. Johnson, 2:11-cr-00085-01); 84 months for selling $2035 of crack and possessing firearms

---

[2] The Guidelines do, of course, offer policy grounds for upward departure, some of which apply here should the Court choose to invoke them. See, e.g., USSG §§ 5K2.1 (conduct resulting in death), 5K2.3 (extreme psychological injury), 5K2.7 (disruption of governmental function), and 5K2.14 (public welfare). But citation of specific departure provisions is no longer necessary to an above-Guidelines sentence. United States v. Irizarry, 553 U.S. 708, 714, 128 S.Ct. 2198, 2203 (2008) ("[T]here is no longer a limit . . . on the variances from Guidelines ranges that a district court may find justified under the sentencing factors set forth in 18 U.S.C. § 3553(a)."). Also of note, defendant was a leader of criminal activity in the form of his uncharged, relevant conduct in the scheme to provide advance warning of mine inspections, which was a criminal conspiracy to defraud the United States. See 18 U.S.C. § 371; USSG § 3B1.1.

as a felon (United States v. McKnight, 3:11-cr-00057-01); 110 months for possessing a .22 caliber pistol as a convicted felon (United States v. LeMaster, 3:11-cr-00183); 130 months for selling $4500 of crack and possessing a firearm as a felon (United States v. Ziegler, 3:11-cr-00072). Tens of thousands of similar federal sentences are handed down every year. Prisons overflow with young people confined for a decade or more for conduct that has led to no deaths and had no impact beyond their immediate surroundings. This is not to question the wisdom of those sentences. But for defendant, for this conduct, to receive a Guidelines sentence far lower than a street-level drug dealer would not legitimately reflect the seriousness of his offense or provide just punishment.

VI.     **Defendant's History and Characteristics Do Not Warrant a Lenient Sentence.**

At trial, defendant testified that he would never break the law. The United States anticipates he will seek leniency through similar claims at sentencing. If necessary, the United States will offer evidence of misconduct by defendant beyond that addressed at trial.

### Conclusion

If this case does not warrant the maximum 25 years for obstruction of justice and a false statement, then the maximum may be illusory, for few examples of those offenses will ever surpass this. The Guidelines range takes no account of this case's exceptional circumstances, and is far lower than sentences handed down both in other cases with some similarity to this one and in routine drug and gun cases. No sentence significantly below the statutory maximum would reflect the seriousness of the offense, provide just punishment, or promote respect for the law as § 3553(a) requires. The United States thus respectfully urges a 25-year sentence.

Respectfully submitted,

s/ R. Booth Goodwin II
R. BOOTH GOODWIN II, WV Bar No. 7165
United States Attorney

5

300 Virginia Street, East, Rm. 4000
Charleston, WV  25301
Telephone:  (304) 345-2200
Email:  booth.goodwin@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing "SENTENCING MEMORANDUM OF THE UNITED STATES," has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on this 14th day of February, 2012, to:

>William David Wilmoth, Esquire
>Steptoe & Johnson PLLC
>1233 Main Street, Suite 3000
>Wheeling, WV  26003-0751

>s/ R. Booth Goodwin II
>R. BOOTH GOODWIN II, WV Bar No. 7165
>United States Attorney
>300 Virginia Street, East, Rm. 4000
>Charleston, WV  25301
>Telephone:  (304) 345-2200
>Email:  booth.goodwin@usdoj.gov