**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 12-4199**

───────────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

      v.

HUGHIE ELBERT STOVER,

               Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.   Irene C. Berger,
District Judge.  (5:11-cr-00038-1)

───────────────

Argued:  September 21, 2012        Decided:  December 14, 2012

───────────────

Before WILKINSON and DAVIS, Circuit Judges, and Max O. COGBURN,
Jr., United States District Judge for the Western District of
North Carolina, sitting by designation.

───────────────

Affirmed by unpublished opinion.   Judge Cogburn wrote the
opinion, in which Judge Wilkinson and Judge Davis joined.

───────────────

**ARGUED:** William David Wilmoth, STEPTOE & JOHNSON, LLP, Wheeling,
West Virginia, for Appellant.  Blaire L. Malkin, OFFICE OF THE
UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.
**ON BRIEF:** William J. O'Brien, Robert L. Bailey, STEPTOE &
JOHNSON, LLP, Wheeling, West Virginia, for Appellant.  R. Booth
Goodwin II, United States Attorney, Charleston, West Virginia
for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

COGBURN, District Judge:

Appellant Hughie Elbert Stover (Stover) appeals from a criminal judgment entered following a jury trial in the United States District Court for the Southern District of West Virginia (Irene C. Berger, District Judge). Stover was charged in a superseding bill of indictment with: (1) making false statements to a department or agency of the United States in a deposition, in violation of 18 U.S.C. § 1001(a)(2); (2) making false statements to the FBI, in violation of 18 U.S.C. § 1001(a)(2); and (3) attempting to destroy documents material to an ongoing investigation, in violation of 18 U.S.C. § 1519 and 2(b). Prior to trial, the government dismissed Count Two. At trial, the jury convicted defendant on Counts One and Three. The district court sentenced defendant to 36 months imprisonment on the counts of conviction. On appeal, Stover contends that the district court improperly denied his motions to suppress, to dismiss, and for acquittal. Finding no error, we affirm the district court.

I.

A.

On appeal, we consider the facts presented at trial in a light most favorable to the government, as the prevailing party at trial. United States v. Jefferson, 674 F.3d 332, 341 n. 14

3

(4th Cir. 2012).    In April 2010, a mine explosion at the Montcoal Mine, located in Raleigh County, West Virginia, killed 29 coal miners.   Almost immediately thereafter, attorneys for the mine sent out notices to all employees not to destroy any documents based on a "litigation hold" inasmuch as multiple state and federal investigations had commenced.   Stover, who had been chief of security for the mine since 1999, received actual notice of the litigation hold inasmuch as copies of the notice were posted at various places throughout the mine, including above the shredder.

Evidence produced at trial showed that over the years, security officers at the Montcoal mine would announce over the radio when mine inspectors arrived at the front gate of the mine.   The front gate was a substantial distance from the actual mine facility.   This announcement was not only heard by other guards and management, but by miners underground.   The operators of Montcoal were aware that such practice was illegal and, despite being instructed not to announce the arrival of inspectors, Stover had at the instruction of management required his guards to announce whenever mine inspectors appeared at the front gate.   Despite the illegality of such advance warning, these and other incidents were routinely logged by Montcoal security officers and then stored in "the barracks," an onsite storage facility.

In the aftermath of the mine explosion, Stover was deposed by federal non-law enforcement agents during a non-custodial deposition in November 2010.  It is undisputed that defendant was represented by counsel during such deposition; however, a grand jury determined that Stover had lied during such deposition when questioned about practices and procedures concerning announcing the arrival of mine inspectors.  While the agents posed the questions in a number of ways to make sure Stover understood the inquiry, he consistently testified that mine security did not announce the arrival of mine inspectors.

The evidence presented at trial also showed that in January 2011, some months after being deposed, Stover ordered another guard to dispose of the security records that were stored in the barracks by taking them to a trash compactor/dumpster at the mine.  Such guard was, however, summonsed to testify before the grand jury that month, and revealed that Stover had ordered him to dispose of the documents and told the grand jury that he had placed those documents in the dumpster.  With such information, agents of the FBI inspected the dumpster and found the documents, as the dumpster had not been emptied.

B.

Prior to trial, Stover moved to suppress the allegedly false statements he made in his November 2010 deposition.  He also moved to dismiss Counts One and Two of the superseding

5

indictment.   The district court denied his motions and the government voluntarily dismissed Count Two prior to trial. Following a four-day trial, the jury returned verdicts of guilty on Counts One and Three.


## II.

On appeal, Stover contends that the judgment should be reversed because (1) the district court erred in denying his motions to suppress because he was in custody at the time of the deposition, and the subpoena under which he testified was unlawfully issued by state authorities;[1] (2) the indictment failed to allege and the government failed to prove the requisite *mens rea* for Count One; and (3) the district court erred in failing to grant defendant's Motion for Judgment of Acquittal or New Trial on Counts One and Two.   We address each contention in turn.

## A.

Stover first argues that the district court erred in denying his motions to suppress.   This court reviews a district court's factual findings for clear error and legal conclusions

---

[1] Appellant also argued that his testimony should have been suppressed because he was not given proper warnings before he testified.   Such argument is subsumed by his argument and our disposition of his claim that he was in custody at the time of the deposition and will not, therefore, be further discussed.

*de novo* when considering the denial of a motion to suppress. United States v. Lewis, 606 F.3d 193, 197 (4th Cir. 2010).  In conducting such review, the evidence is construed in the light most favorable to the prevailing party with due weight given to inferences reached from that evidence by the district court. Id.

Defendant first contends that he was in custody during his deposition, which occurred at the mine academy, and that the district court erred in not so finding.  The warnings required by Miranda v. Arizona, 384 U.S. 436 (1966), need only be given when a suspect is subject to "custodial police interrogation." Id. at 439 (emphasis added); see also United States v. Martindale, 790 F.2d 1129, 1133 (4th Cir. 1986) ("Miranda is applicable only in cases where the defendant is in custody" (citation omitted)).

A suspect is in custody when, under the totality of the circumstances, the "suspect's freedom of action is curtailed to a degree associated with formal arrest." Berkemer v. McCarty, 468 U.S. 420, 440 (1984) (internal quotation marks omitted). The appropriate inquiry is an objective one, focusing on whether a reasonable person in the defendant's position would have felt free to terminate the interrogation and leave. Thompson v. Keohane, 516 U.S. 99, 112 (1995).  Generally, "[a]bsent police-imposed restraint, there is no custody." United States v.

7

Jamison, 509 F.3d 623, 633 (4th Cir. 2007). Simply being compelled through a subpoena to appear and give testimony is not sufficient to be considered "in custody," as even a grand jury subpoena has been determined to be insufficient to invoke the protections recognized by Miranda and its progeny. United States v. Mandujano, 425 U.S. 564, 579 (1976).

In this matter, Stover was subpoenaed to appear before state and federal agencies investigating the Montcoal mine disaster. The undisputed record indicates that when Stover was deposed in November 2010, he appeared under a state-issued subpoena, he was represented by counsel, no law enforcement officers were present, the deposition was conducted at a mining academy not a police station, and that nothing prevented him from simply leaving the deposition. Unlike an appearance before a grand jury, Stover was assisted by counsel throughout the deposition. See Iverson v. North Dakota, 480 F.2d 414, 424 (8th Cir. 1973) (holding that testimony compelled by subpoena "does not in itself constitute such compulsion to incriminate oneself to the extent the safeguards in Miranda were intended to prevent")). In conducting a de novo review of the district court's legal conclusions, we apply an objective test to determine whether Stover was "in custody." Thompson v. Keohane, 516 U.S. 99, 112 (1995). This objective inquiry focuses on: (1) the circumstances surrounding the interrogation; and (2) given

8

those circumstances, would a reasonable person have felt he or she was at liberty to terminate the interrogation and leave. Id.  Having examined all the circumstances surrounding the deposition of Stover in this matter, we cannot find that there was either a "formal arrest" or "restraint on freedom of movement of the degree associated with formal arrest," id., that would have caused a reasonable person in defendant's position to perceive that he lacked the freedom to terminate the questioning and leave.  Not only was no one present with any authority to arrest defendant, he was at all times represented by counsel who could have advised him of just such right.  Finding no error, we affirm the district court's denial of such motion to suppress.

Stover has also argued that the statements made by him at the deposition should have been excluded inasmuch as the state agency conducting the inquiry improperly issued the subpoena under West Virginia law, W. Va. Code § 22A-1-4, based on the federal agency's inability to issue a subpoena under 30 U.S.C. § 813(b).[2]  We need not decide this issue because even if the subpoena were invalid, the statements made and evidence derived therefrom are not subject to exclusion under the exclusionary rule.  As the Supreme Court has held, "the suppression remedy for ... statutory, as opposed to constitutional, violations ...

---

[2] Defendant made such motion *in limine*.

turns on the provisions of [the statute] rather than the judicially fashioned exclusionary rule aimed at deterring violations of Fourth Amendment rights." United States v. Donovan, 429 U.S. 413, 432 n.22 (1977). As this court has found, "there is no exclusionary rule generally applicable to statutory violations." United States v. Clenney, 631 F.3d 658, 667 (4th Cir. 2011) (internal quotation marks omitted).

Even if this court were to assume, as defendant argues, that having the state agency issue a subpoena violated the federal agency's obligation under § 813(b), no authorization of suppression is found in that federal statute. Further, even if the state agency's actions somehow ran afoul of state law in issuing its subpoena, and that state law provided for the exclusion of evidence obtained in violation of the state authorizing statute, such would not require exclusion in a federal prosecution. As this court held in Clenney, "[state] law does not attempt to direct federal courts to exclude evidence obtained in violation of state statutes," because "[f]ederal not state law 'governs the admissibility of evidence obtained by state officers but ultimately used in a federal prosecution.'" Id. (citing and quoting United States v. Clyburn, 24 F.3d 613, 616 (4th Cir. 1994)). We affirm the district court.

B.

Stover next contends that the district court erred in denying his Motion to Dismiss Count One of the superseding bill of indictment because it failed to allege, and the government failed to prove, the requisite *mens rea* for Count One. Specifically, defendant contends that the district court erred in not dismissing Count One of the superseding indictment because the United States failed to allege that he knew his statements were material.  When reviewing a district court's denial of a motion to dismiss an indictment, we review factual findings for clear error and legal conclusions *de novo*.  United States v. Brandon, 298 F.3d 307, 310 (4th Cir. 2002).

Our review of the superseding bill of indictment reveals that the government alleged all the elements of a § 1001(a)(2) offense.  Count One of the superseding indictment alleges that defendant made a materially false statement and representation to representatives of the Mine Safety and Health Administration (MSHA) and the Department of Labor (DOL) by stating that security guards at the mine were prohibited from notifying anyone at the mine site of the presence of inspectors at the mine.  The superseding indictment alleges that defendant knew his statement was false as he "well knew, because defendant . . . had himself directed and trained security guards . . . to give

advance notice by announcing the presence of an MSHA inspector on mine property over the radio." J.A. 32.

Stover also argues in the alternative that the district court erred in denying his Motion for Judgment of Acquittal or New Trial because the United States did not put on any evidence that he knew his statements were material. The essential elements of a § 1001(a)(2) offense are, as follows:

1.   A material statement or representation;

2.   Which is false, fictitious, or fraudulent;

3.   Made in a matter within the jurisdiction
     of a department or agency of the United States; and

4.   Done knowingly and willfully.

See United States v. Camper, 384 F.3d 1073, 1075 (9th Cir. 2004). There is, however, no authority cited for Stover's argument that the government must prove that defendant knew his statements were material to a federal agency. The materiality analysis by the fact finder asks whether the statements could have impacted the actions of a federal agency, United States v. Oceanpro Ins., Ltd., 674 F.3d 323, 329 (4th Cir. 2012), not whether defendant knew of an agency's involvement or knew of the materiality of his statement to such agency. United States v. Notarantonio, 758 F.2d 777, 785 n.4 (1st Cir. 1985). Our review of the evidence of record undercuts Stover's contention, as it contains ample evidence upon which a reasonable jury could have

found that the false statements made by defendant were both knowing and material.  Put plainly, there is no requirement that the government prove that defendant knew his statements were material to MSHA or DOL.

In making such determination, we have also considered the district court's instruction on materiality: "[t]he test of materiality is whether the false statement has a natural tendency to influence a governmental action or is capable of influencing a governmental action.  It is not necessary for the United States to prove that the statement here charged actually did influence a governmental action."  J.A. 550.  Where, as here, defendant did not object to the district court's jury instruction regarding materiality at trial, this court's review is for plain error.  United States v. Nicolau, 180 F.3d 565, 569 (4th Cir. 1999).  "To reverse for plain error there must be (1) an error, (2) which is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity or public reputation of judicial proceedings."  United States v. Brewer, 1 F.3d 1430, 1434-35 (4th Cir. 1993) (internal quotation marks and citations omitted).  The plain error exception is applied "sparingly" and saves only "particularly egregious errors."  United States v. Young, 470 U.S. 1, 15 (1985).  Review of the district court's instruction on materiality reveals no plain error as the instruction is wholly consistent with this

13

court's recent articulation of the materiality test: "[t]he test of materiality is whether the false statement has a natural tendency to influence agency action or is capable of influencing agency action." United States v. Garcia-Ochoa, 607 F.3d 371, 375-76 (4th Cir.), cert. denied, 131 S. Ct. 494 (2010).

Finding no error, we affirm the district court's denial of defendant's Motion to Dismiss as to Count One and its denial of the Motion for Acquittal on Count One.  Finding no plain error in its jury instruction on materiality, we affirm the district court's denial of the Motion for a New Trial.

C.

Stover argues that as to Count One, the government failed to prove that defendant's statements were false and that he knew they were false.  Further, Stover asserts that it was error for the district court to deny his Motion for Judgment of Acquittal or New Trial.  On Count Three, defendant argues that the district court erred in denying his Motion for Judgment of Acquittal or New Trial because the United States failed to prove that defendant had the requisite intent to impede an investigation.

"A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotations omitted).  In reviewing the sufficiency of the

evidence supporting a conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis). The government receives "the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982) (citations omitted). A jury's verdict must be upheld if there is substantial evidence, viewed in the light most favorable to the government, to support it. Burks v. United States, 437 U.S. 1, 17 (1978).

Defendant also appeals the district court's denial of a new trial based on these same perceived evidentiary deficiencies. This court reviews a district court's denial of a motion for a new trial for abuse of discretion. United States v. Perry, 335 F.3d 316, 320 (4th Cir. 2003). A jury verdict is not to be overturned except in the rare circumstance when the evidence "weighs heavily" against it. Id. (internal quotation marks omitted). Whether to grant or deny a motion for a new trial is within the broad discretion of the district court, which should be disturbed on appeal only in very limited circumstances. United States v. Smith, 451 F.3d 209, 216-17 (4th Cir. 2001).

15

As to Count One, the record contains an abundance of evidence that defendant's statements were false and that he knew they were false.  While "[t]he answer to a fundamentally ambiguous question may not, as a matter of law, form the basis for a false statement," United States v. Sarwari, 669 F.3d 401, 407 (4th Cir. 2012), "[f]undamental ambiguity is the exception, not the rule."  Id. (quoting United States v. Farmer, 137 F.3d 1265, 1269 (10th Cir. 1998)).  In this case, defendant was asked very plainly during the deposition about announcing the presence of mine inspectors and the jury was presented with sufficient evidence for it to conclude that his testimony was false.  Accordingly we affirm the district court's denial of Stover's Motion for Judgment of Acquittal or New Trial.

On Count Three, Stover argues that the district court erred in denying his Motion for Judgment of Acquittal or New Trial because the United States failed to prove that he had the requisite intent to impede an investigation.  This argument also fails as the record contains more than sufficient evidence for a reasonable jury to conclude that defendant's intent in ordering the destruction of the records was to impede the ongoing investigation into the Montcoal disaster.  Defendant admitted that he ordered the destruction of the records, that his order was in direct violation of the litigation hold notice of which he was aware, and that such records contained records of the

guard shack, including notations as to the arrival of mine inspectors as well as incident reports.

Finally, Stover argues that the government failed to prove that he had any criminal intent when he ordered the destruction of the records. Evidence adduced at trial, however, included evidence that Stover: (1) was aware of the ongoing FBI investigation; (2) knew the focus of such investigation was on the practices of the security guards, including whether inspectors were announced; and (3) that the FBI was interested in the records he ordered destroyed. Substantial evidence supports the jury's conclusion that Stover acted with the required criminal intent when he ordered a subordinate to destroy records in January 2011; accordingly we affirm the district court's denial of Stover's Motion for Judgment of Acquittal or New Trial.


                                III.

In sum, we affirm the district court's judgment in its entirety.

                                                    AFFIRMED